**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

# MEMO ENDORSED

August 13, 2007

**BY MAIL**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9\10\07

Re:   *Ozdemir v. U.S. Citizenship & Immigration Services et al.*, 07 Civ. 5645 (KMK)

Dear Judge Karas:

      I write respectfully to request that the Court schedule a pre-motion conference, pursuant to Your Honor's Rules and Individual Practices, to discuss the filing by the Government of a motion to dismiss the complaint in the above-referenced case. The Government intends to file a motion to dismiss in lieu of answering. I further respectfully request that the Court extend the Government's time to answer or move with respect to the complaint from August 17, 2007 – reflecting that the Government was served on June 18, 2007 – to a date to be set at the conference.

      Plaintiff Faruk Ozdemir ("plaintiff" or "Ozdemir") is a Turkish citizen. He alleges that he submitted an application ("adjustment application") to the United States Citizenship and Immigration Services ("CIS") on January 30, 2005, seeking a discretionary adjustment of his immigration status to that of a lawful permanent resident of the United States, pursuant to § 245(a) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1255(a). *See* Complaint, dated June 13, 2007 ("Complaint") ¶ 7. Plaintiff claims that CIS and the Federal Bureau of Investigation ("FBI") "have neglected to adjudicate petitioner's adjustment of status application, thereby denying petitioner his right to become a legal permanent resident of the United States." *Id.* ¶ 7. He asks the Court to "compel the respondents to complete adjudication of the petitioner's adjustment of status application." *Id.*, "Wherefore" clause ¶ (a).

      The Court lacks jurisdiction to consider Ozdemir's claims. Ozdemir relies on two statutes to support jurisdiction – the mandamus statute, 28 U.S.C. § 1361, and Section 706 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). Judges in this District have consistently held that the Court lacks subject matter jurisdiction to compel the adjudication of adjustment applications under either of those statutes. *See Keane v. Chertoff*, 419 F. Supp.2d

597, 599-602 (S.D.N.Y. 2006) (holding that neither mandamus nor APA review are available to compel adjudication of adjustment application); *Karan v. McElroy*, No. 02 Civ. 6678 (JGK), 2003 WL 21209769, at *1 (S.D.N.Y. May 23, 2003) (same); *Yilmaz v. McElroy*, No. 00 Civ. 7542 (RCC), 2001 WL 1606886, at *3 (S.D.N.Y., Dec. 17, 2001); *Zheng v. Reno*, 166 F. Supp.2d 875, 880-81 (S.D.N.Y. 2001). *See also Vladagina v. Ashcroft*, No. 00 Civ. 9456 (DAB), 2002 WL 1162426, at *4 (S.D.N.Y. Apr. 8, 2002) (no jurisdictional basis to compel adjudication of adjustment adjudication); *Zaytsev v. Gantner*, No. 04 Civ. 7101 (WHP), 2004 WL 2251665, at *1 (S.D.N.Y. Sept. 24, 2004); *Ortiz v. INS*, No. 99 Civ. 0705 (WHP), 2000 WL 728145, at *2 (S.D.N.Y. Jan. 18, 2000); *Espin v. Gantner*, 381 F. Supp. 2d 261, 265 (S.D.N.Y. 2005); *Hanif v. Gantner*, 369 F. Supp.2d 502, 505-06 (S.D.N.Y. 2005); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005); *Sadowski v. INS*, 107 F. Supp.2d 451, 454 (S.D.N.Y. 2000); *Maldonado-Coronel v. INS*, 943 F. Supp. 376, 381 (S.D.N.Y. 1996); *Rahman v. McElroy*, 884 F. Supp. 782, 787 (S.D.N.Y. 1995); *Riley v. Gantner*, 03 Civ. 2835 (GEL), 2003 WL 22999487, at *4 (S.D.N.Y. Dec. 22, 2003); *Batista v. U.S. INS*, No. 99 Civ. 2847 (MBM), 2000 WL 204535, at *3 (S.D.N.Y. Feb. 22, 2000); *Cobas v. INS*, No. 99 Civ. 9378 (LAK), 1999 WL 1627349, at *1 (S.D.N.Y. Sept. 30, 1999); *Xin-Ming Zheng v. McElroy*, No. 98 Civ. 1772 (LBS), 1998 WL 702318, at *5 (S.D.N.Y. Oct. 7, 1998).

Ozdemir's complaint also relies on *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991), for the proposition that the Court has jurisdiction to render equitable relief. In that case, the Court held that federal courts have jurisdiction to hear "general collateral challenges to unconstitutional practices and policies used by the agency in processing applications." 498 U.S. at 492.

*McNary* is inapposite. The Court expressly stated in *McNary* that claims seeking individual adjudication of immigration status – in that case, adjudication of status as a "special agricultural worker" under 8 U.S.C. § 1160 – are reviewable only through the procedures set forth by statute. *Id.* at 491-93. *See also Abdullah v. INS*, 184 F.3d 158, 163 (2d Cir. 1999). Since Ozdemir seeks adjudication of his application for adjustment, the avenue of review afforded by *McNary* is not available. Accordingly, Ozdemir's right to judicial review is governed solely by § 210(e) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1160(e). That provision requires administrative exhaustion, 8 U.S.C. § 1160(e)(2), and is available only in the context of an exclusion or deportation order, *id.* § 1160(e)(3). *See also Chan v. Reno*, 916 F. Supp. 1289, 1307 (S.D.N.Y. 1996). Ozdemir's complaint satisfies neither of these conditions.

Plaintiff also fails to state a cognizable claim. Although he contends that the length of time that his adjustment application has been pending indicates there has been an unreasonable delay, the Supreme Court has held that evidence of the passage of time cannot, standing alone, support such a claim. *INS v. Miranda*, 459 U.S. 14, 19 (1982). That is because no statute or regulation requires the Government to process adjustment applications within any particular time. *See, e.g., Ortiz*, 2000 WL 728145, at *2; *Cordoba v. McElroy*, 78 F. Supp. 2d 240, 244 (S.D.N.Y. 2000); *Messalum v. INS*, No. 99 Civ. 3997 (LAK), 1999 WL 1627348, at *1 (S.D.N.Y. Oct. 14, 1999); *Alomari v. Reno*, No. 97 Civ. 6837 (DAB), 1997 WL 724815, at *3

(S.D.N.Y. Nov. 19, 1997).

Ozdemir also fails to state a claim under the U.S. Constitution. He claims that "[t]he federal judiciary's authority to consider whether immigration policies and procedures violate" the Constitution can be found in Article I, Section 8, Clause 4. That clause states that "[t]he Congress shall have Power . . . [t]o establish an uniform Rule of Naturalization . . . ." U.S. Const., Art. I, § 8, cl. 4. The Naturalization Clause is a grant of power to *Congress*; it provides no authority to the *judiciary* to establish rules of naturalization – much less authority to compel adjudication of an individual adjustment application.

Finally, although Ozdemir claims he has "experienced harm and anxiety," *see* Complaint ¶ 8, he describes no exigent circumstances necessitating the immediate consideration of his adjustment application, such as a looming event that threatens to oust his eligibility for adjustment. Indeed, a judge in this District has held that the Court lacks mandamus jurisdiction to direct the CIS to adjudicate an alien's adjustment application prior to his removal from country – certainly a greater harm than that faced by Ozdemir. *See Hanif*, 369 F. Supp.2d at 505-08. *Cf. Maldonado-Coronel*, 943 F. Supp. at 381 (where background check was pending, rejecting minor alien's claim that INS was obligated to adjudicate his adjustment application, which was derivative of his parent's, before he "aged out" of eligible status on his impending 21st birthday); *Zheng*, 933 F. Supp. at 386 (same).

For the reasons stated above, I respectfully request that the Court schedule a pre-motion conference, and extend the Government's time to answer or move with respect to the complaint to a date to be set at the conference. I thank the Court for its consideration of the request, and respectfully further request that the Court direct this letter to be docketed as part of its record in this action.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: _____
JOHN D. CLOPPER
Assistant United States Attorney
Telephone: (212) 637-2716
Facsimile: (212) 637-0033
Email: john.clopper@usdoj.gov

*[Handwritten:]* The Court will hold a pre-motion conference on September 19, 2007, at 11AM. Defendant's time to answer or respond to the complaint is stayed until then. CTRM 21D.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
8/28/07

Page 3

**RICHARD B. SOLOMON**
Attorney at Law
427 Bedford Road, Suite 340
Pleasantville, New York 10570

Telephone: 914-769-8568
Facsimile: 914-560-2052

Web: www.rsolomonlaw.com
E mail: rsolomon@rsolomonlaw.com

**VIA MAIL**
August 23, 2007

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, NY 10004

        RE:     Ozdemir v. U.S. Citizenship and Immigration Services
                07 CV 5645 (KMK)

Dear Judge Karas:

     I am in receipt of a copy of a letter from the Assistant United States Attorney with respect to the above-captioned matter dated August 13, 2007, received at our office on August 21, 2007, requesting an extension of time to answer and for scheduling a pre-motion conference. The government has indicated that intends to file a motion to dismiss in lieu of answering the complaint.

     In accordance with Your Honor's Rules and Individual Practices, requests for extensions of time require the moving party to advise the Court whether the adversary consents to the adjournment, and if not, the reasons given by the adversary for its refusal to consent. Please be advised that my office received no phone call, nor any other communication, from Mr. Clopper or any other individual from the U.S. Attorney's Office requesting our consent to an extension of time to file an answer. The copy of the U.S. Attorney's letter was the first time my office learned of the government's request to extend the time to file its answer to our complaint. Moreover, while the government is requesting additional time to file an answer or a motion to dismiss, it appears that they have used its letter to advance its arguments to dismiss the action. The government had 60 days to file an answer or motion, but waited until the eleventh hour to request an extension of time without the courtesy of contacting my office, and submitting its arguments in letter format rather than filing its answer or its motion for dismissal. For this reason, our office opposes the grant of an extension of time for the government to file its answer.

     The United States Attorney has notified the Court of its intention to file a motion to dismiss in lieu of answering the complaint. We wish to advise the Court that it is our intention to file a Motion for Summary Judgment. While the government argues there is no subject matter jurisdiction to compel the adjudication of an adjustment of status application, the government confuses the USCIS' discretion in the performance of its duties with its mandatory, non-discretionary duty to take the actions necessary to adjudicate an application and its failure to do. The plaintiff is not challenging a discretionary decision or action. It is recognized that 1252(a)(2)(B) does not permit an action in federal court to sue for an approval of the application, unless such decision constitutes an abuse of discretion. However, "[a]dministrative agencies do not possess the discretion to avoid discharging the duties that Congress intended them to perform." Forest Guardians v. Babbitt, 164 F.3d 1261, 1269 (10th Cir. 1998). The Tenth Circuit in that case explicitly held that "a court may require an agency to take action upon a matter, without directing how it shall act."

Ozdemir v. U.S. Citizenship and Immigration Services
07 CV 5645 (KMK)
Page Two

A petition for a writ of mandamus to adjudicate an adjustment of status applications is not converted into a challenge of a discretionary action by virtue of the fact that the underlying relief requested is discretionary. Pilica v. Ashcroft, 388 F.3d 941, 945-48 (6th Cir. 2004) (Section 1252(a)(2)(B) does not strip the court of jurisdiction to hear the denial of a motion to remand where the underlying relief sought on remand was adjustment of status where the denial of the motion itself was not a judgment "regarding the granting of relief") See also Wan Shih Hseih v. Kiley, 569 F.2d 1179, 1182 (2d. Cir. 1978) (INS has a duty to act on an application for adjustment of status); Paunescu v. INS, 76 F.Supp.2d 896 (N.D.Ill. 1999) (Agency has a non-discretionary duty to adjudicate applications for adjustment of status); Przhebelskaya v. USCIS, 338 F.Supp.2d 399, 405 (E.D.N.Y. 2004) (the order granting mandamus relief was a proper exercise of the court's mandamus jurisdiction because the Agency had a clear non-discretionary duty to issue a decision). The government cites Kean v. Chertoff, 419 F. Supp. 2d, 597 (S.D.N.Y. 2006), in support of its proposed motion to dismiss, claiming that Kean holds that the court lacks subject matter jurisdiction. However, the court in Kean held that there was no subject matter jurisdiction to grant mandamus relief because the USCIS had acted on plaintiff's application. It does not stand for the proposition that the court lacks subject matter jurisdiction to compel the adjudication of adjustment applications.

The plaintiff has a clear right to have his adjustment application adjudicated in a timely manner. The right to adjudication is derived from USCIS's mandatory duty to process the applications and the fact that plaintiffs are the intended beneficiaries of the applications. See 8 C.F.R. 245.2(a)(5)(i) (providing that the "applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial"); Haidari v. Frazier, No. 06-3215, 2006 U.S. Dist. LEXIS 89177, *10 (D. Minn. 2006) (holding that 8 C.F.R. § 209.2 creates a nondiscretionary duty to adjudicate adjustment applications). The plaintiff's right to a timely adjudication, though not explicit in the regulation, is present in section 555(b) of the Administrative Procedure Act, which requires that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." See Haidari, 2006 U.S. Dist. LEXIS 89177 at *11. See Singh v. Still, No. 06-2458, 2007 U.S. Dist. LEXIS 16334, *13-14 (N.D. Cal. 2007) (reasoning that respondents failed to explain why it took two-and-a-half years to initiate a security check with the FBI, why no action was taken to follow up with the FBI until the mandamus suit was filed, and why it took so long to process plaintiff's initial fingerprints); Aboushaban v. Mueller, No. 06-1280, 2006 U.S. Dist. LEXIS 81076, *14 (N.D. Cal. 2006) ("[t]he FBI's delay in processing plaintiff's name check remains largely unexplained, and the remainder of defendants' arguments do not adequately excuse the delays plaintiff encountered."). While the government looks to INS v. Miranda, 459 U.S. 14 (1982) as authority to support its contention that the passage of time cannot, standing alone, support such a claim, the facts in Miranda are distinguished by the fact that the INS had issued a decision on the applicant's adjustment application based upon a marriage which did not survive the INS delay in processing the application.

The APA authorizes suit by a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," and permits a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 702, 706. The APA further defines agency action to include a failure to act. Id. at § 551(13). The APA also requires that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Id. at § 555(b). As a

NY01/SOLOR/1151098.1

Ozdemir v. U.S. Citizenship and Immigration Services
07 CV 5645 (KMK)
Page Three

result, the APA gives rise to a legally enforceable right to the completion of an administrative agency action within a reasonable time. Deering Milliken, Inc. v. Johnston, 295 F.2d 856, 861 (4th Cir. 1961).

Judges in this District have concluded that jurisdiction lies over an APA claim under 28 U.S.C. §1331 and 5 U.S.C. § 555(b) for failing to adjudicate an application within a reasonable period of time. Kim v. Ashcroft, 340 F.Supp.2d 384 (S.D.N.Y. 2004) (motion to dismiss denied where allegations in alien's complaint were sufficient to state a claim for a violation of the APA due to USCIS' failure to adjudicate the adjustment of status application within a reasonable time); Saleh v. Ridge, 367 F.Supp.2d 508 (S.D.N.Y. 2005); Am. Acad. of Religion v. Chertoff, 2006 WL 1751254 (S.D.N.Y. 2006) (holding that the Government failed to adjudicate a B-visa application within a reasonable period of time). See also Bartolini v. Ashcroft, 226 F.Supp.2d 350 (D.Conn. 2002) (federal question jurisdiction existed over alien's claim based on right to have INS adjudicate his adjustment of status application within a reasonable time as required by APA).

For the reasons above, we respectfully request the Court deny the government's request for an extension of time to answer or move with respect to the complaint.

Respectfully submitted,

Richard B. Solomon
Attorney for Plaintiff

cc:   John D. Clopper, Esq.
      Assistant United States Attorney
      Southern District of New York
      86 Chambers Street
      New York, NY 10007
      BY MAIL